UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEUTSCHE BANK NATIONAL TRUST CO.,

       Plaintiff,

  v.                                                 Case No. 09-C-279

JAMES H. WEBER, et al.,

       Defendants.

**ORDER**

Plaintiff brought a foreclosure action in Winnebago County Circuit Court against the Defendants for property located in Oshkosh, Wisconsin. The $114,000 mortgage on the property was executed in 2007. The Defendant homeowners filed a notice of removal and a counterclaim, and Plaintiff has now filed a motion to remand.

The parties agree they are diverse, but they do not agree about the amount in controversy. Somewhat surprisingly, there is not a great deal of precedent governing the amount that is in controversy in a foreclosure action. One view would say that the Webers' home is worth about $120,000 (this is not disputed), and the principal, interest and other fees due is a similar amount, and thus the amount in controversy easily exceeds the $75,000 that is required for federal subject matter jurisdiction. An opposing view might say that the value of the home or the principal owed are not really what's at issue here. Instead, a foreclosure action simply results in a conversion of collateral in satisfaction of a debt – it transforms real property into a payment. As such, the homeowner loses his house but also loses the obligation to pay his debt, and so if a foreclosure occurs it is a wash because the homeowner's balance sheet is no worse off (he loses an asset and

a debt of roughly equal value) and the lender is no better off because it has merely swapped a secured note for a building of similar value.[1]

Although the briefs present an interesting question of subject matter jurisdiction, the questions they raise are largely academic under the circumstances of this case. According to the notice of removal, Defendants are owner-occupiers of the Oshkosh property subject to the mortgage in question. As such, they are Wisconsin citizens. Even if diversity jurisdiction would otherwise exist if the case had initially been filed in federal court, defendants cannot remove such cases when they are citizens of the very state whose courts would be adjudicating the case to be removed. 28 U.S.C. § 1441(b). After all, one of the principal notions underlying diversity jurisdiction is that a defendant could be prejudiced by litigating in the state courts of a *foreign* state – not his own state. *Hurley v. Motor Coach Industries, Inc.,* 222 F.3d 377, 380 (7th Cir. 2000) ("The rule [of § 1441(b)] is designed to preserve the plaintiff's choice of a (state) forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party.")[2] Arguably, the bank here has done the homeowners a favor by bringing suit in the homeowner's local state court.[3]

Because removal was not proper under 28 U.S.C. § 1441(b), the motion to remand is **GRANTED** and this case is **REMANDED** to Winnebago County Circuit Court.

**SO ORDERED** this   28th   day of August, 2009.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge

---

[1] This example assumes no significant equity has built up.

[2] Perhaps this explains why there are so few federal foreclosure cases – lenders (as here) tend to bring such cases in the state courts where the borrowers live.

[3] Defendants concede that their federal counterclaims do not justify removal.